Janec Baena SALGADO, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

Janec Baena Salgado, Petitioner,

v.

Michael B. Mukasey, Attorney General, Respondent.

Nos. 06–74946, 07–71301.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007.*

Filed Dec. 28, 2007.

Judith Goodman, Goodman Immigration Law Firm, Roseville, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM **

Janec Baena Salgado, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Ap-

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

peals affirming the immigration judge's denial of petitioner's application for cancellation of removal. Petitioner also seeks review of the BIA's denial of his motion to reopen which was based on petitioner's additional evidence concerning his United States citizen son's medical condition.

Petitioner contends that the IJ violated his due process rights by failing to *sua sponte* compel the testimony of petitioner's ex-wife regarding hardship. Petitioner failed to demonstrate that additional testimony would have affected the outcome of the proceedings, *see Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (requiring prejudice to prevail on a due process challenge). Petitioner also contends that the IJ erred by not properly considering the cumulative hardship effect of removal on his qualifying relatives, but we reject this contention where the IJ stated explicitly that he was considering the cumulative impact in finding no exceptional and extremely unusual hardship. *See Fernandez v. Gonzales,* 439 F.3d 592, 603 (9th Cir. 2006)

The evidence that petitioner presented with his motion to reopen concerned the same basic hardship grounds as his application for cancellation of removal, *see Fernandez,* at 602–03, and we therefore lack jurisdiction to review the BIA's discretionary determination that the evidence was insufficient to establish a prima facie case of hardship. *See id.* at 601.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.